**KELLER, In Re**
**SMITH, In Re**

Ohio Appeals, 2nd Dist, Darke Co

Nos 472 & 473. Decided Jan 9, 1935

B. A. Myers, Celina, and Billingsley & Manix, Greenville, for Smith and Keller.

Vernon L. Marshal, Prosecuting Attorney, Greenville, for the State.

**OPINION**

By HORNBECK, PJ.

Keller, in the Common Pleas Court, plead

guilty on an information of the Prosecuting Attorney charging him, Keller, with the unlawful manufacture of - intoxicating liquor without a permit from the Department of ' Liquor Control of the State of Ohio under §6064-54 GC. He was sentenced to pay a fine and committed to the jail of Darke County. The error claimed is that the Common Pleas Court had no original jurisdiction to entertain the charges against Smith and Keller on affidavit or information; that the jurisdiction of the Common Pleas Court is statutory; that §6212-18 GC of the Crabbe Act which gave the Common Pleas Court jurisdiction in such cases as these under consideration has been repealed by the Liquor Control Act.

It is the claim of the State that these actions were grounded upon §6064-54 GC, which in terms makes it an offense to unlawfully possess or to unlawfully manufacture intoxicating liquors without a permit as in the statute provided; that §13422-5 GC vests jurisdiction in the Common Pleas Court. The section is as follows:

"The Court of Common Pleas shall have original jurisdiction of all crimes and offenses, except in cases of minor offenses, the exclusive jurisdiction of which is vested in courts inferior to the Court of Common Pleas."

The state asserts that unless the exclusive jurisdiction of the misdemeanors with which Smith and Keller were charged is vested in some inferior court, then clearly the Common Pleas Court has such jurisdiction and further that such exclusive jurisdiction is not vested in any inferior court. It is conceded that magistrates are given jurisdiction in the cases under consideration under §13422-3 (8) GC which provides:

"Magistrates shall have jurisdiction within their respective counties, in all cases of violation of any law relating to any violation of the liquor control act, or keeping a place where intoxicating liquor is sold, given away or furnished in violation of any law prohibiting such acts."

It is urged that though the quoted section of the statute grants jurisdiction to courts inferior to the Common Pleas Court it is not an exclusive grant of jurisdiction. Supporting this theory we are cited to the case of **State of Ohio v Schwanzel, 29 O.N. P. (N.S.) 541** in which it is stated in one proposition of the syllabus:

"While magistrates are given jurisdiction under §13422-3 GC over the violation of law in relation to the practice of medicine, their jurisdiction is not made exclusive by the statute, and since the Common Pleas Court under §13422-5 GC has jurisdiction over minor offenses except where it is given exclusively to courts inferior to the Common Pleas, the latter court has jurisdiction over offenses relating to the practice of medicine."

This decision, in our judgment, if sound, bears sufficient analogy to the question presented in the instant case to be controlling. We are of opinion that the decision is sound and that it is not inconsistent with the statutory provisions which we have considered, to hold that the jurisdiction granted to magistrates in liquor cases, such as those under consideration is not exclusive jurisdiction. The judgment of the trial court in both cases will be affirmed.

KUNKLE and BARNES, JJ, concur.